**Kong Dan CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, & Immigration and Naturalization Service, Respondent.**

**No. 04–5816–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 27, 2006.

Kong Dan Chen, New York, New York, for Petitioner, pro se.

David E. O'Meilia, United States Attorney, Neal B. Kirkpatrick, Assistant United States Attorney, Northern District of Oklahoma, Tulsa, Oklahoma, for Respondent.

PRESENT Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND

DECREED that the petition for review of a Board of Immigration Appeals ("BIA") decision is DENIED.

Kong Dan Chen petitions for review of the October 2004 order of the BIA denying his motion for reconsideration of the BIA's August 2004 order affirming a decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and ordering him removed to the People's Republic of China. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Zhong Guang Sun v. United States Dep't of Justice*, 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies ..., is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001). In reviewing the denial of a motion to reconsider, this Court is precluded from passing on the merits of the underlying claim for relief; our review is confined to the merits of the denial of consideration. *Id.* at 89–90.

Chen's motion to reconsider argued that the BIA had erred in affirming the IJ's adverse credibility finding. The BIA explained in its denial of the motion to reconsider that it had not, in its prior order, affirmed that determination. In its August 2004 order, the BIA affirmed only the IJ's finding that Chen had failed to provide clear and convincing evidence that he had filed his asylum application within one year after his arrival in the United States and that he had not met his burden of proof to qualify for withholding of removal or CAT

relief. Chen's motion to reconsider did not address the grounds relied upon by the BIA in denying his application and Chen failed to allege any other error in BIA's August 2004 order. Accordingly, because Chen's motion failed to specify any errors of fact or law in the BIA's prior decision, *see* 8 C.F.R. § 1003.2(b)(1), he has not established that the BIA abused its discretion by denying his motion for reconsideration.

For these reasons, the petition for review is denied. The pending motion for exemption from oral argument is GRANTED and the pending motion for a stay of removal is DENIED as moot.